IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:12-197-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Zavier Lavar Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255.
Defendant raises several Grounds for Relief, including ineffective assistance of counsel. The
Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309
(4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the
consequences if he failed to respond. Defendant has responded to the Government's motion and this
matter is ripe for resolution.

**I. BACKGROUND**

In March 2012, Defendant was indicted in this District for conspiracy to possess with intent
to distribute a quantity of cocaine, a quantity of cocaine base ("crack" cocaine), and a quantity of
marijuana (Count 1), a violation of 21 U.S.C. §§ 841(b)(1)(A), 841 (b)(1)(C), 841(b)(1)(D) and 846;
possession with intent to distribute and distribution of a quantity of cocaine, cocaine base ("crack"
cocaine), and marijuana (Count 2), in violation of 21 U.S.C. §§ 841(b)(1)(C) and 841(b)(1)(D);
possession of a firearm in furtherance of a drug trafficking crime (Count 3), in violation of 18 U.S.C.
§ 924(c)(1); and felon in possession of a firearm (Count 5), in violation of 18 U.S.C. § 922(g).

On September 10, 2012, Defendant entered into a plea agreement with the Government
wherein he agreed to plead guilty to Counts 1 and 3 of the Indictment. The plea agreement

1

contained a waiver of Defendant's right to file a direct appeal or to contest his sentence under 28 U.S.C. § 2255 absent a claim of ineffective assistance of counsel or prosecutorial misconduct. On this same day, Defendant appeared with counsel before the court and, after a thorough Rule 11 hearing, pleaded guilty to Counts 1 and 3.

A Presentence Report (PSR) was prepared in anticipation for sentencing. On December 14, 2012, Defendant appeared with counsel for sentencing. Based upon his criminal history, Defendant was found to be a career offender pursuant to U.S.S.G. § 4B1.1, and was sentenced to 262 months' imprisonment, consisting of 202 months' imprisonment as to Count 1 and sixty (60) months' imprisonment as to Count 3, to be served consecutively to Count 1.

Defendant filed a Notice of Appeal to the Fourth Circuit Court of Appeals. On August 7, 2013, the Fourth Circuit affirmed Defendant's conviction and sentence. *United States v. Williams*, 537 F. App'x 237 (4th Cir. 2013). On August 6, 2014, the Clerk of Court received Defendant's motion for relief under 28 U.S.C. § 2255 for filing.

## II. STANDARD

Defendant contends, *inter alia*, that he received ineffective assistance of counsel. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the

facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The failure of counsel to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel. The *Strickland* standard applies to counsel's actions at sentencing. *See Royal v. Taylor*, 188 F.3d 239, 248-49 (4th Cir. 1999) (applying *Strickland* to ineffective assistance at sentencing claim, requiring only that "sentence would have been more lenient" absent counsel's errors). Prejudice exists when an error results in a longer sentence than would otherwise have been imposed. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001) (holding that Sixth Amendment prejudice resulted from an asserted error that added six to twenty-one months to the defendant's sentence). *See also United States v. Smith*, 497 F. App'x 269 (4th Cir. 2012) (same). "If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

### III. DISCUSSION

#### A. Ground One – Ineffective Assistance of Counsel – Smarter Sentencing Act

Defendant contends counsel was ineffective in failing to argue that Defendant was entitled to relief under the Smarter Sentencing Act and that counsel failed "to file a direct appeal as I asked him to do on numerous occasions . . . ." Mot. at 4, ECF No. 122. The Smarter Sentencing Act (S. 1410), has not been enacted. Moreover, counsel did file an appeal, and Defendant's case was reviewed by the Fourth Circuit Court of Appeals. Therefore, Defendant is not entitled to relief under this claim, and the Government is entitled to summary judgment.

#### B. Ground Two – Application of *Alleyne* and *Descamps*

3

Defendant argues in his second ground for relief that he is entitled to relief under *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276 (2013). The Government contends that this claim is covered by the waiver in Defendant's plea agreement and that even if not waived, this claim is without merit. *See* Resp. to Dft's Mot. at 7-13, ECF No. 126.

Even assuming, for purposes of this motion only, that Defendant's claim was not waived by the terms of his plea agreement, Defendant is not entitled to relief. As noted by the Government, *Alleyne* is not applicable to Defendant's case because there was statutory mandatory minimum sentence associated with Defendant's conviction on Count 1.

Defendant seeks to challenge his designation as a career offender under U.S.S.G. § 4B1.1, posing the query "is purse snatching (now) considered a crime of violence[ ] after the 'Simmons' opinion, alongside Alleyne decision [sic], with the sprinkling of 'Whiteside' . . . [?]" Resp. to Gov't Opp. at 2, ECF No. 132.

The response to Defendant's query is yes. South Carolina Code § 16-13-150 provides that "[i]t is unlawful for a person to snatch suddenly and carry away from another a purse or other thing of value with intent to deprive the owner or person lawfully in possession of the article in circumstances not constituting grand larceny or robbery." The cases cited by Defendant are not relevant to Defendant's prior conviction. As noted by the Fourth Circuit, "[t]he act of snatching a purse (or any other property) from the victim's person may not inflict severe pain or injury, but it may do so, and in any event it is certainly aggressive." *United States v. Jarmon*, 596 F.3d 228, 232 (4th Cir. 2010).

4

The Government is entitled to summary judgment on this Ground for Relief and it is dismissed with prejudice.

### C.  Ground Three – Smarter Sentencing Act

Defendant argues he is entitled to relief under the Smarter Sentencing Act.  For the reasons argued by the Government, with which this court agrees, Defendant's contention is without merit. Not only has the law not been enacted, but he would not be entitled to relief under the Act's provisions.

The Government is entitled to summary judgment on this Ground for Relief and it is dismissed with prejudice.

### D.  Ground Four – Clemency

Defendant's fourth claim for relief is that the court should grant him clemency.  Under the Constitution, the President has the authority to commute, or reduce, a sentence imposed upon conviction of a federal offense, including for convictions adjudicated in the United States District Courts.  U.S. Const. art. II, § 2, cl. 3.  Accordingly, this ground for relief is without merit and the Government is entitled to summary judgment.

### IV.  CONCLUSION

The Government's motion for summary judgment is **granted** and Defendant's motion for relief is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 1, 2014

6