IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America | Cr. No. 0:12-197-CMC |
| v. | |
| Zavier Lavar Williams, | Opinion and Order |
| Defendant. | |

Defendant, proceeding *pro se*, has filed a motion for relief under 28 U.S.C. § 2255. ECF No. 136. Defendant contends he is entitled to relief pursuant to the recent Supreme Court decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). The Government filed a response in opposition and a Motion for Summary Judgment regarding Defendant's § 2255 motion. ECF Nos. 143 and 144, respectively. The Government argued that Defendant's motion is successive, that it violates the waiver provision of the plea bargain, and that it fails on the merits. ECF No. 143. Defendant has not substantively responded to the Government's opposition.[1]

Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on August 6, 2014. ECF No. 122. On December 1, 2014, the court granted summary judgment to the Government and the § 2255 motion was dismissed with prejudice. ECF No. 133.

---

[1] On January 29, 2016, this court received a letter from Defendant, inquiring about the status of the Government's response. ECF No. 149. The Government's filings, along with a Roseboro Order, were sent to Defendant via mail on January 8, 2016. ECF No. 145. On January 27, 2016, this mail was "returned as refused." ECF No. 147. The court immediately mailed Defendant another copy on that same date, and re-mailed a third copy, out of an abundance of caution, when Defendant's letter of January 29 was received. No further communication has been received from Defendant as of the date of this Order, nearly two months after his last letter.

The current motion is a successive § 2255 motion. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to move for permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. Because the District Court has no jurisdiction, this court is unable to reach the merits of Defendant's motion. Therefore, this motion is **dismissed**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
March 22, 2016

2