IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 0:12-197-CMC |
| vs. | **OPINION AND ORDER** |
| Zavier Lavar Williams,<br>Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Reduction Pursuant to the First Step Act of 2018. ECF No. 176. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the First Step Act. ECF No. 180. The Government filed a response in opposition (ECF No. 177), and Defendant did not file a reply. For the reasons explained below, Defendant's motion is denied.

Defendant was indicted on March 6, 2012 on four counts: Count 1 charged conspiracy to possess with intent to distribute and to distribute a quantity of cocaine, a quantity of cocaine base, and a quantity of marijuana; Count 2 charged aiding and abetting possession with intent to distribute and distribution of a quantity of cocaine and cocaine base; Count 3 charged possession of a firearm in furtherance of a drug trafficking crime; and Count 4 charged felon in possession. ECF No. 20. Defendant entered into a Plea Agreement to plead guilty to Counts 1 and 3, and entered a guilty plea on September 10, 2012. ECF Nos. 75, 77. He was sentenced on December 14, 2012, to 262 months' imprisonment and six years' supervised release. ECF No. 94.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base <u>required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B)</u>. *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions of the Fair Sentencing Act

retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at §404(b). The First Step Act does not contemplate reducing sentences for Defendants convicted under sections other than §§ 841(b)(1)(A) and (b)(1)(B).

Defendant was indicted, pled guilty, and sentenced in 2012 – after the enactment of the Fair Sentencing Act of 2010. His sentence was therefore imposed "in accordance with the amendments" of the Fair Sentencing Act, and he is ineligible for a reduction pursuant to the First Step Act. In addition, he was convicted of a violation of §§ 841(b)(1)(C) and 846 (Count 1), and the Fair Sentencing Act of 2010 did not reduce the statutory penalties associated with this conviction. Accordingly, Defendant's motion pursuant to the First Step Act (ECF No. 176) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 29, 2019

2