IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:12-197-CMC |
| v. | |
| Zavier Lavar Williams, | Order |
| Defendant. | |

This matter is before the court on Defendant Zavier Lavar Williams' ("Defendant") motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for an unusually long sentence. ECF No. 222. Defendant argues he would not be a career offender if sentenced today based on a change in the law, and also raises grounds for relief based on increased risk from COVID-19 and a sentencing disparity. He notes he has significant post-sentencing rehabilitation. He is currently 48 years old, serving a 262-month sentence, and has a projected release date of June 29, 2031.

The Government filed a response in opposition, arguing Defendant has failed to meet his burden of establishing extraordinary and compelling reasons for a sentence reduction, and the § 3553(a) factors weigh against relief. ECF No. 234.

Defendant then filed a motion to reduce sentence under Amendment 660, asserting his prior state convictions could not longer be used for criminal history points, as only federal prior convictions qualified. ECF No. 235. In addition, he contends drug conspiracy convictions no longer qualify as a crime of violence and cannot be utilized as career offender predicates. *Id.* Finally, he requests appointment of counsel. He also filed an additional motion requesting the status of his compassionate release motion and appointment of counsel. ECF No. 236.

**Discussion**

*1. Appointment of Counsel*

As an initial matter, Defendant requests appointment of counsel to assist with his compassionate release motion. ECF Nos. 235 at 1; 236. He notes his previous Assistant Federal Public Defender has passed away and requests a new appointment.

However, a defendant has no constitutional right to counsel beyond the direct appeal of his criminal case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987); *Crowe v. United States*, 175 F.2d 799 (4th Cir. 1949). Though in some exceptional cases due process does mandate appointment of counsel for certain postconviction proceedings, *see Gagnon v. Scarpelli*, 411 U.S. 778, 788, (1973), a motion for reduction of sentence does not fit into this category. "A motion pursuant to § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). The Fourth Circuit has affirmed denial of appointed counsel in a compassionate release case, citing *Legree*. *United States v. Galloway*, 790 F. App'x 519 (4th Cir. 2020) (unpublished). Further, a motion for compassionate release is not one that requires particular legal experience or knowledge of case law. The court declines to appoint counsel.

*2. Section 3582(c)(1)(A) motions brought by Defendants*

The court, on motion of a defendant after 1) fully exhausting administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 2) the lapse of 30 days from receipt of such a request by the warden of the facility, whichever is earlier, may reduce

the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A) (as amended by First Step Act).[1]  Section 3582(c)(1)(A)(i) allows a court to modify a term of imprisonment once it has been imposed for extraordinary and compelling reasons if such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission. Previously, there was not an applicable policy statement because the Sentencing Commission lacked a quorum when § 3582(c)(1)(A) was amended by the First Step Act.  However, the Commission has reestablished a quorum and updated the Policy Statement at § 1B1.13 to include motions brought by defendants.

Accordingly, the court may now reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), it determines extraordinary and compelling reasons warrant a reduction, the defendant is not a danger to the safety of any other person or to the community, and the reduction is consistent with the Policy Statement at § 1B1.13(b). The new Policy Statement also amended what can be considered extraordinary and compelling reasons, including the following (in pertinent part):

> (1) <u>Medical Circumstances of the Defendant</u> –
>     (D) The defendant presents the following circumstances—
>
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>
>> (iii) such risk cannot be adequately mitigated in a timely manner.

---

[1] Defendant attached a request to his Warden for compassionate release dated December 22, 2024. ECF No. 222-2 at 1. The Government does not appear to dispute Defendant has exhausted administrative remedies. The court will assume exhaustion for purposes of this motion.

>(5) <u>Other Reasons</u> -- The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
>(6) <u>Unusually Long Sentence</u>.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b).

3. *<u>Extraordinary and Compelling Reasons</u>*

   a. <u>Sentencing Disparity/Unusually Long Sentence</u>

Defendant argues he would not be a career offender if he were sentenced today. Under the Policy Statement § 1B1.13(b)(6), to show extraordinary and compelling reasons for a sentence reduction Defendant must be serving an unusually long sentence; have served 10 years of the term of imprisonment; and a change in the law may be considered if that change produces a "gross disparity" between the sentence being served and the one "likely to be imposed at the time the motion is filed."

Defendant has served over 10 years of his sentence, and thus meets this requirement. The Government does not assert Defendant's 262-month sentence is not "unusually long." While the court sometimes sees longer sentences, it will assume for purposes of this motion that requirement is undisputed.

The Government argues Defendant does not meet subsection (b)(6)'s criteria for a change in the law. It cites cases holding a defendant cannot challenge the validity of a conviction or

sentence in a compassionate release motion. Yet Defendant's motion does not attack the validity of his sentence. He requests compassionate release or a sentence reduction. He does not claim a mistake was made at his sentencing. Rather, he contends subsequent changes in the law mean that, if sentenced today, his term of imprisonment would be substantially shorter. Thus, contrary to the Government's position, Defendant's motion does not sound in habeas.

The Fourth Circuit has considered whether a change in the law because of an intervening judicial decision can constitute an extraordinary and compelling reason for compassionate release, and held that it can. *United States v. Davis*, 99 F.4th 647 (4th Cir. 2024). However, the Government asserts Defendant would remain a career offender if sentenced today, based on two predicate offenses: distribution of crack and purse snatching.[2]

Defendant contends he would not be a career offender if sentenced today because he "was not convicted of a controlled substance offense." ECF No. 222 at 4. Defendant appears to contend his instant conviction for conspiracy to possess with intent to distribute a quantity of cocaine, cocaine base, and marijuana does not qualify as a "controlled substance offense" and cannot trigger career offender status. Defendant is correct in that the Fourth Circuit has held a drug conspiracy conviction under 21 U.S.C. § 846 cannot qualify as an instant offense for career offender purposes. *United States v. Davis*, 99 F.4th 647, 656 (4th Cir. 2024). However, Defendant was also convicted of using and carrying a firearm during and in relation to a drug trafficking crime, pursuant to 18 U.S.C. § 924(c). This conviction qualifies as a "crime of violence" and can independently support a career offender enhancement. In fact, in Defendant's PSR, his career offender status is explained

---

[2] The Government acknowledges a prior conviction for assault and battery of a high and aggravated nature ("ABHAN"), cited in the PreSentence Report ("PSR") as a predicate for career offender status, would no longer qualify.

as based on the § 924(c) conviction, which led to a guideline range of 262-327 months. ECF No. 180-1 at ¶ 90.

Accordingly, Defendant remains a career offender and there is no sentencing disparity.

### b. Medical Circumstances/COVID-19

Defendant also asserts his sentence should be reduced because of "the increase[d] risk posed to me by the Covid-19 pandemic." ECF No. 222 at 4. No further information or argument is made about this ground.

An inmate's risk from Covid-19 may be considered an extraordinary and compelling circumstance, but he must show both "the risk of contracting Covid-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *United States v. Davis*, 99 F.4th 647, 655 (4th Cir. 2024). Defendant has failed to do so here. Accordingly, the court finds no extraordinary and compelling reason for a sentence reduction based on Covid.

### c. Other Reasons

Finally, Defendant argues his "rehabilitative efforts" justify a sentence reduction. It is well recognized rehabilitation alone is insufficient for the court to find extraordinary and compelling reasons for a sentence reduction. 28 U.S.C. § 994(t); § 1B1.13(d). As the court has found no other extraordinary and compelling reasons for compassionate release, his rehabilitation cannot justify a sentence reduction.

### d. Conclusion on Extraordinary and Compelling Reasons

The court has considered Defendant's arguments for compassionate release, both individually and in combination, and finds they do not rise to the level of extraordinary and

compelling reasons for a sentence reduction. However, in an abundance of caution, the court will proceed to evaluate the § 3553(a) factors.

> 4. *The § 3553(a) factors*
>
>> a. <u>Nature and Circumstances of the Offense</u>

Defendant was a participant in a drug distribution conspiracy in the Chester County area of South Carolina. Defendant distributed multi-gram to multi-ounce quantities of cocaine to a confidential source on five occasions. At the fifth controlled purchase, Defendant was arrested after his attempt to obtain four firearms and a sum of currency for distributing a quantity of cocaine. Defendant was held accountable for 227 grams of cocaine, 4.05 grams of crack cocaine, and 13.32 grams of marijuana. He was found to be a career offender.

>> b. <u>History and Characteristics</u>

Defendant was 34 years old at sentencing and is now 51 years old. He had prior convictions for distribution of crack, possession of marijuana (multiple convictions), traffic offenses, public disorderly conduct, shoplifting, carrying a concealed weapon, violation of order of protection, resisting arrest, assault and battery (multiple convictions), petty larceny (multiple convictions), purse snatching, possession of crack, receiving stolen goods (multiple convictions), accessory after the fact of burglary, burglary 2nd degree, assault and battery of a high and aggravated nature, failure to stop for blue light, criminal domestic violence, and unlawful possession of drug paraphernalia. This resulted in a criminal history category of VI prior to application of the career offender guideline. He was single with three children. He dropped out of high school but received a GED while incarcerated in the South Carolina Department of Corrections.

### c. Need to Avoid Unwarranted Sentencing Disparities

There was a co-defendant in this case who was sentenced to 18 months' imprisonment. However, this is not an unwarranted disparity given the differences in criminal history, culpability in the instant offense, and career offender status.

### d. Kinds of Sentences Available and Sentencing Range Established

Defendant pled guilty to one count of conspiracy to distribute a quantity of cocaine, cocaine base, and marijuana (Count 1); and one count of using and carrying a firearm during and in relation to a drug trafficking crime (Count 3). The statutory maximum on Count 1 was 30 years, and the statutory range for Count 3 was 5 years to Life, to run consecutive. Because he was a career offender, his guideline range was 262-327 months with acceptance of responsibility. Defendant was sentenced to 262 months' imprisonment.

### e. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter Defendant and others.

Defendant has served approximately 166 months of his 262-month sentence. Defendant attached his inmate educational data, which shows approximately 80 programs completed. ECF No. 222-1. However, the Government pointed out his disciplinary history includes six prohibited sex acts, possession of a dangerous weapon, drug/alcohol possession, security infractions, and insolence with BOP staff. ECF No. 234-1. In addition, he had a significant prior record apart from his career offender status. To release Defendant now would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or provide adequate deterrence.

### 5. *Amendment 660*

Defendant contends he may be eligible for relief under Amendment 660 "due to the fact . . . no longer can my state priors be used to enhance my criminal history points anymore." ECF No.

235 at 1. Amendment 660 in the USSG Guidelines Manual amends § 5G1.3, regarding terms of imprisonment for relevant conduct. It discusses adjusting sentences for undischarged terms of imprisonment that would not be credited to the federal sentence by the BOP. It has nothing to do with which prior convictions may be used to enhance a sentence or qualify as criminal history points. Accordingly, Defendant's request for relief under Amendment 660 is denied.

6. *Amendment 828*

Similarly, Amendment 828 is not of help to Defendant. This amendment concerns a firearm enhancement for an altered or obliterated serial number. It also appears to discuss, in amended commentary, grouping firearm counts. This does not appear applicable to Defendant's case, and he does not explain why he thinks it is relevant. Neither this nor Amendment 660 concern state predicate offenses and criminal history points, or career offender enhancements. Accordingly, his request for sentence reduction under Amendment 828 is denied.

**Conclusion**

After full consideration of the defendant's individualized circumstances, the court does not find extraordinary and compelling reasons justify relief here. The court has assessed the § 3553(a) factors and finds such factors weigh against a reduced sentence. Appointment of counsel is not required or necessary for Defendant's compassionate release motion. In addition, neither Amendment 660 nor 828 is helpful in Defendant's case. Accordingly, Defendant's motions (ECF No. 222, 235, 236) are denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 22, 2025